# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| DIANE ELAINE PERKINS, AUTHORIZED REPRESENTATIVE OF REGINALD ALLEN PERKINS, DECEASED; AND REGINALD ALLEN PERKINS (DECD.), | )<br>)<br>)<br>)<br>) Case No. 4:18-00835-CV-RK |
| Plaintiffs, | ) |
| v. | ) |
| STATE OF MISSOURI, et al., | ) |
| Defendants. | ) |

## ORDER TEMPORARILY STAYING DISCOVERY AND RULE 16 DEADLINES

Before the Court is Defendants' Joint Motion for Stay of Discovery Deadlines and Related Rule 26 Activities. (Doc. 20.) Plaintiff's opposition to the motion to stay is not due until February 5, 2019, but the Court's Rule 16 Order requires the parties to conduct a Rule 26 conference by January 28, 2019. After careful consideration, Defendants' motion is **GRANTED in part**. The Court **TEMPORARILY STAYS** discovery and the requirements to conduct a Rule 26 conference and submit a joint proposed scheduling order. Plaintiff will be given an opportunity to file his suggestions in opposition to the stay by February 5, 2019, at which point the Court will decide whether the stay should remain in place pending a ruling on the motions to dismiss.

### Background

Plaintiff Diane E. Perkins alleges her now-deceased son was wrongly convicted of assault in 2009. (Doc. 1; Doc. 3.) She asserts federal and state law claims, pro se, against 26 defendants, including the State of Missouri; its current and former governors; several current and former state judges; the Jackson County, Missouri prosecutor; the City of Kansas City, Missouri; its mayor and police department; and various other political figures and police officers. Process has not been served, but most of the Defendants in this case have appeared and filed motions to dismiss for lack of jurisdiction and failure to state a claim. (Doc. 7; Doc. 8; Doc. 9; Doc. 10; Doc. 11; Doc. 12; Doc. 15; Doc. 16.) Those motions assert various theories for dismissal, including under *Heck v. Humphrey*, 512 U.S. 477 (1994); *Monell v. Dep't of Soc. Servs. of the City of N.Y.*, 436 U.S. 658, (1978); the *Rooker-Feldman* doctrine; a Missouri statute of limitations; and several

forms of governmental immunity.[1]  The Defendants who have appeared now seek a stay of discovery and the requirements to conduct a Rule 26 conference and submit a joint proposed scheduling order.

## Discussion

The Court may stay discovery for good cause shown and "has broad discretion to control the scheduling of events in matters on its docket."  Fed. R. Civ. P. 26(c)(1); *Jones v. Clinton*, 72 F.3d 1354, 1361 (8th Cir. 1996).  As explained by another court in this district:

> A stay should be entered only where it is a proper exercise of the court's discretion, and the proponent of the stay bears the burden of establishing the need for a stay. In determining whether to grant a motion to stay discovery pending the outcome of a dispositive motion, a court considers a variety of factors, including the movant's likelihood of success on the underlying motion; whether the movant will be irreparably harmed absent a stay; the breadth of the pending discovery; the balance of harms in delaying discovery against the possibility that the underlying motion will dispose of the case; the public interest; and judicial economy. . . . The filing of a motion to dismiss does not, by itself, constitute good cause for staying discovery.

*Blacktop, Inc. v. Edible Arrangements Int'l, LLC*, No. 4:14-cv-5-DGK, 2014 WL 12695690, at *1 (W.D. Mo. Apr. 30, 2014) (citations omitted).

Defendants have shown good cause for a stay, given the particular circumstances of this case.  Upon review of Plaintiff's allegations and the briefs in support of dismissal, the Court believes the case is likely to be dismissed.  Two other courts in this district previously dismissed lawsuits filed by Reginald A. Perkins with substantially similar allegations.  *See Perkins v. Kan. City, Mo. Police Dep't*, No. 4:11-cv-1313-BP, Doc. 10 (W.D. Mo. June 25, 2012) (dismissing without prejudice under *Heck*); *Perkins v. State of Mo.*, No. 4:11-cv-1312-NKL, Doc. 14 (W.D. Mo. July 19, 2012) (dismissing under the habeas statute of limitations). Furthermore, Defendants' defenses are likely to have merit, particularly their governmental immunity defenses.  The cost of arranging a scheduling and discovery planning conference alone for 26 governmental defendants is likely to cause irreparable harm to the state and local governments—not to mention the cost of proceeding with discovery on seemingly meritless claims. On balance, a stay is not likely to harm Plaintiff if any of her claims survive the motion-to-dismiss stage because the regular course of scheduling and discovery would then go forward.

---

[1] Plaintiff missed her deadline to oppose the motions to dismiss, but the Court issued a show-cause order giving her a second opportunity to respond, by February 1, 2019.  (Doc. 19.)

## Conclusion

Accordingly, the Court **ORDERS** as follows:

1) Defendants' motion to stay is **GRANTED in part**. (Doc. 20.) The Court **TEMPORARILY STAYS** discovery and the requirements to conduct the Rule 26 conference scheduled for January 28, 2019, and submit a joint proposed scheduling order.

2) Plaintiff may file his suggestions in opposition Defendants' motion to stay by February 5, 2019, at which point the Court will decide whether the stay should remain in place pending a ruling on the motions to dismiss.

The Court directs the Clerk's office to mail a copy of this Order to Plaintiff.

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: January 25, 2019