# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

DIANE ELAINE PERKINS,  )
AUTHORIZED REPRESENTATIVE OF  )
REGINALD ALLEN PERKINS,  )
DECEASED; AND REGINALD ALLEN  )
PERKINS (DECD.);  ) Case No. 4:18-00835-CV-RK
  )
     Plaintiffs,  )
  )
   v.  )
  )
STATE OF MISSOURI, et al.,  )
  )
     Defendants.  )

## ORDER

  Before the Court are the Defendants' motions to dismiss. (Docs. 7, 9, 11, 15, 27.) Plaintiff failed to file a timely response to all of the motions to dismiss. On May 6, 2019, the Court allowed Plaintiff another opportunity to file a response to the motions to dismiss before ruling on them. (Doc. 32.) Plaintiff did not file any response after the Court's Order, and the time for doing so has expired. After careful consideration and for the reasons below, the motions to dismiss (Docs. 7, 9, 11, 15, 27) are **GRANTED**, and this case is **DISMISSED with prejudice.**

## Background

  Plaintiff Diane Perkins ("Plaintiff") is the mother of Plaintiff Reginald Perkins. Reginald Perkins was arrested for assault on October 22, 2009. Reginald Perkins was arrested again on December 29, 2009. Reginald Perkins filed a previous lawsuit on December 29, 2011. *Reginald Perkins v. KCMO Police Dept., et al.*, 4:11-CV-01313-BP. The allegations in that suit are the same as the allegations in this suit. The previous action was dismissed by the district court pursuant to the holding in *Heck v. Humphrey* on June 25, 2012. 512 U.S. 477 (1994). Reginald Perkins appealed the court's dismissal, and the Eighth Circuit affirmed the district court's decision. The Eighth Circuit issued its mandate on September 9, 2013. Reginald Perkins committed suicide on February 2, 2016.

On October 22, 2018, Plaintiff Diane Perkins ("Plaintiff") filed suit on behalf of her deceased son, Reginald Perkins, as his authorized representative and on her own behalf.[1] Plaintiff's Complaint alleges the following claims against Defendants:

- "42 U.S.C. § 1983 Civil Rights Violations;"
- "18 U.S.C. § 241 Conspiracy Against Rights;"
- "18 U.S.C. § 242 Deprivation of Rights Under Color of Law;"
- "18 U.S.C. § 1419 Falsification of Records." (Doc. 3.)

There are further allegations that Mr. Perkins made various attempts to obtain relief and help in his situation from a number of political figures and agencies prior to committing suicide. Plaintiff now seeks relief in the form of damages in excess of $15,000, statutory interest, punitive of damages of $10,000 each week, an order requiring the City and State to pay for a mausoleum for her son, and grief counseling sessions.

The defendants in this action have brought consolidated motions to dismiss under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). (Docs. 7, 9, 11, 15, 27.) Defendant City of Kansas City's Motion to Dismiss argues dismissal is proper because there are no actionable claims brought by Plaintiff against Defendant City of Kansas City. (Doc. 9.)

**Legal Standard**

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When considering a motion to dismiss for failure to state a claim, the well-pled allegations in the complaint must be accepted as true and construed in the light most favorable to the nonmoving party. *Osahar v. U.S. Postal Service*, 297 Fed. Appx. 863, 864 (8th Cir. 2008). While a pro se plaintiff's complaint is construed liberally, the court "will not supply additional facts, nor will [the court] construct a legal theory for plaintiff that assumes facts that have not been pleaded." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (citation and quotation marks omitted). The Court is not bound to accept legal conclusions as true when they are disguised as factual allegations. *Iqbal*,

---

[1] Plaintiff does not provide the Court with authority as to how or why Plaintiff is permitted to file this action on her son's behalf. Because the Court finds dismissal is proper, the Court need not address this issue.

556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to survive a Rule 12(b)(6) motion to dismiss. *Id.* at 678.

## Discussion

The Court finds that all claims in this action are barred by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994). Additionally, Plaintiff's claims against Defendant City of Kansas City fail because Plaintiff's Complaint does not allege that Defendant City of Kansas City engaged in an unconstitutional policy or custom sufficient to trigger municipal liability under *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658 (1978).

### A. *Heck v. Humphrey*

In *Heck v. Humphrey*, the Supreme Court held that a claim for damages that is related to a conviction or sentence that has not been invalidated, is not cognizable under 42 U.S.C. § 1983. 512 U.S. 477. To determine whether a claim or claims are barred by the precedent set forth in *Heck*, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). "A plaintiff has no cause of action under § 1983 for damage claims for unlawful imprisonment until he shows that the challenged incarceration was 'reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus.'" *Marlowe v. Fabian*, 676 F.3d 743, 747 (8th Cir. 2012) (quoting *Heck*, 512 U.S. at 489).

Here, Plaintiff has no claim against any Defendant that is separate and independent from Reginald Perkins' claims that are barred by *Heck v. Humphrey*. Further, Plaintiff does not bring any allegation, nor does the record indicate, that Reginald Perkins' sentence has been "reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." Accordingly, *Heck v. Humphrey* bars consideration of all claims Plaintiff brings in this action.

### B. Claims against Defendant City of Kansas City

While dismissal of all claims in this suit is proper under *Heck v. Humphrey*, the claims against Defendant City of Kansas City fail for an additional reason. The majority of Plaintiff's claims against Defendant City of Kansas City arise under 42 U.S.C. § 1983 and allege that Defendant City of Kansas City deprived Plaintiff of constitutionally protected rights. A municipality cannot be held liable unless there is an unconstitutional action taken pursuant to an official municipal policy and that action caused a constitutional tort. *Monell*, 436 U.S. at 691.

Section 1983 liability for a constitutional violation may attach to a municipality if the violation resulted from (1) an "official municipal policy," (2) an unofficial "custom," or (3) a deliberately indifferent failure to train or supervise. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989) (internal citation and quotation marks omitted). Here, Plaintiff has not identified any policy, practice, or custom employed by Defendant City of Kansas City that infringed on Plaintiff's or Reginald Perkins' constitutional rights.

Plaintiff's Complaint also brings state law claims against Defendant City of Kansas City for the actions of the Kansas City Police Department. However, "Kansas City police officers are generally not considered agents of the City." *Williams v. City of Kansas City*, 841 S.W.2d 193, 196 n. 2 (Mo. App. 1992) (citing *Hasenyager*, 606 S.W.2d at 472). "[T]he function of Kansas City as to the Police Department is limited to the yearly approval of its budget and that the City possess no power or authority over police department personnel." *Id.* (internal quotation marks and citation omitted). Accordingly, Defendant City of Kansas City's Motion to Dismiss (Doc. 11) is granted, and Defendant City of Kansas City is dismissed.

## Conclusion

The Court need not address the remaining arguments presented by Defendants in their Motions to Dismiss because the Court has determined dismissal is proper for the reasons discussed above. After careful consideration, the Motions to Dismiss (Docs. 7, 9, 11, 15, 27) are **GRANTED**, and this case is **DISMISSED with prejudice.** The Clerk's Office is directed to mail a copy of this Order to Plaintiff.

**IT IS SO ORDERED.**

                                                 s/ Roseann A. Ketchmark
                                                 ROSEANN A. KETCHMARK, JUDGE
                                                 UNITED STATES DISTRICT COURT

DATED: June 25, 2019